IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                          No. CR- 14-1361 WJ

JOHN NG,

       Defendant.

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR
EARLY TERMINATION OF PROBATION**

THIS MATTER comes before the Court upon Defendant John Ng's Motion for Early Termination of Probation (**Doc. 94**) filed on August 24, 2016.  Having considered the parties' written arguments, and the applicable law, the Court finds that Defendant's Motion is not well-taken and, therefore, is **DENIED.**

**BACKGROUND**

On March 7, 2014, the United States charged Defendant with two criminal violations of 18 U.S.C. § 245(b)(2)(C). *See* Doc 1. The charges were based on anti-Semitic threats that Defendant admitted to posting on the door of Nosh Jewish Delicatessen & Bakery.  On August 6, 2015, Defendant pleaded guilty to count 2 of the indictment and was sentenced to a term of four years' probation.  The Judgment recites: "Should the Defendant be doing well, following his treatment recommendation and not relapsing, the Court suggests the Probation office consider early release from his term of probation."  Doc. 88, at 2.  At sentencing, the Court stated:

> I'm going to impose a term of probation of four years, but I'm going to suggest to Probation that if Mr. Ng is doing well and he is following his treatment recommendation and he's not relapsing, that that term may be considered for early release. But I think it would be to his benefit, and again, establishing some quality of life for him, if he can get his mental health issues under control such

> that he can lead a normal and functioning life. And that may mean taking medication, it may mean continued treatment.

Doc. 89, at 34–35.  The Court also ordered Defendant to successfully complete an outpatient mental health treatment program and to take any psychotropic medication prescribed to him by medical personnel. *Id*. at 36.

After being on probation for approximately one year, on August 24, 2016, Defendant filed an Opposed Motion for Early Termination of Probation (**Doc. 94**).  On October 24, 2016, the United States filed a Sealed Response (**Doc. 110**).  Defendant filed a Sealed Reply on November 18, 2016 (**Doc. 114**).

## DISCUSSION

The Court denies Defendant's Motion as premature because Mr. Ng has completed only a quarter of his term of probation and has not fully complied with his supervision.  Defendant argues he has been fully compliant with probation, but he wishes to move out of state.  His probation officer feels that stress caused by the restriction on moving may be counter-therapeutic to Mr. Ng and that further probationary supervision would be detrimental to him.  Defendant also argues the Court should terminate the balance of his probation because he has been discharged from therapy since he has accomplished all that can be accomplished through therapy, and that his Probation Officer supports termination.

The United States opposes Mr. Ng's request for early termination of probation, arguing Defendant has served only a quarter of his sentence, is not yet stable, and has not been fully compliant with the terms of his supervision.  The United States contends Mr. Ng's progress has been limited or nonexistent because, although he has been seen by the medical personnel ordered by Probation, he continues to resist treatment that would help stabilize him.  For example, on September 28, 2015, Defendant saw Dr. Deborah Kos for diagnostic evaluation. Dr. Kos

reported that Mr. Ng was uncooperative and refused to answer any substantive questions regarding his mental health.  Because Mr. Ng was uncooperative, Dr. Kos was unable to provide a proper evaluation or to prescribe any medications.  Furthermore, the United States points out that Defendant was discharged from cognitive behavioral sessions with Dr. Rachel Nagy because Defendant failed to demonstrate progression.  Dr. Nagy noted Mr. Ng's progress was limited because Mr. Ng had no insight into his mental illness and continues to demonstrate an anger response that is disproportionate to the stimuli eliciting it.  Defendant also refused Dr. Nagy's recommendations to receive medical care, consult a psychiatrist, and/or obtain a psychiatric or neuro-psychological evaluation and receive joint counseling with his sister.  The United States argues Defendant does not have his mental health issues under control because of his refusal to comply with the efforts of medical professionals.  The United States further emphasizes that although Defendant's Probation Officer initially supported his request for early termination, he now believes Defendant is no longer stable and would benefit from additional supervision.

Finally, the United States argues Defendant's rehabilitative needs are not the only factors the Court ought to consider in evaluating his request for early termination.  The sentence was also imposed to promote respect for the law, provide just punishment, and afford adequate deterrence.  While the United States agrees that Defendant's probation could be terminated in less than four years, the United States submits that, under any circumstance, Defendant should have to serve more than a quarter of his sentence before such termination is contemplated.  The Court agrees with the United States' assessment.

Mr. Ng argues in the Reply that he has been stable for some time and he is not dangerous.  Mr. Ng contends he has complied with the terms of his probation and he is not unstable, though his anosognosia—his diagnosed inability to recognize his mental illness—has posed some

challenges.  Specifically, his inability to remember and his unawareness of his mental health problems is not evidence of lack of cooperation or noncompliance.  Defendant contends continuing his probation will not accomplish anything positive because forced mental health treatment is unlikely to be productive and could instead be counterproductive, as both his mental health treatment provider and probation officer have recognized.

Early termination of probation is governed by 18 U.S.C. § 3564(c), which states: "The court, after considering the factors set forth in section 3553(a) to the extent they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor ..., if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice."

The 18 U.S.C. § 3553(a) factors most relevant to the early termination of probation are:

(1)     the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)     the need for the sentence imposed--

    (A)     to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B)     to afford adequate deterrence to criminal conduct;

    (C)     to protect the public from further crimes of the defendant; and

    (D)     to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

The Court agrees with the United States that Defendant should serve more than a quarter of his sentence before early termination is contemplated.  Early termination rarely occurs and, if it does, the Court typically does not consider early release before the midway point of the

sentence, and more often than not early release is considered around the time a defendant has served approximately 75% of the term of probation.  Although Defendant points out that he is not dangerous, this is not the only factor bearing on early termination.  As the government highlighted, Defendant was discharged from mental health treatment because he was uncooperative and refused to receive recommended medical care.  And as Defendant pointed out, Mr. Ng continues to struggle with memory challenges and anosognia.  Regardless of whether the memory loss and anosognia evince lack of compliance, these problems do show the Defendant continues to experience significant mental health problems and is in need of continuing probation including his mandatory mental health treatment.  The Court is especially concerned with the factor under 18 U.S.C. § 3553(a)(2)(D), the need to "provide the defendant with needed . . . medical care, or other correctional treatment in the most effective manner."  Mr. Ng's treatment records indicate he significantly struggles with ongoing mental health issues, including his inability to assist his treatment providers by denying he has mental health problems in the first place.

The Court continues to view the four year term of probation as sufficient but not greater than necessary to comply with the purposes of sentencing, and at this time, finds that Defendant must continue to serve that term.  The Court primarily denies the Motion because it is premature, as Defendant has served only a little more than one year of his four-year probation.  In denying Defendant's Motion, the Court has considered all of the applicable factors set forth in 18 U.S.C. § 3553(a), but focuses extensively on the nature and circumstances of the offense, the need to afford adequate deterrence to criminal conduct and the need to provide Defendant with medical care and correctional treatment in the most effective manner, all of which point this Court to continuing probation as ordered.

In light of the Court denying Defendant's Motion, at this time the Court declines to address the portion of the United States' Response requesting an order that Defendant receive a full psychiatric or neuro-psychological evaluation and comply with any treatment or examination prescribed by medical personnel.  For the same reason, the Court does not consider whether Mr. Ng's probation should be transferred to another jurisdiction.

Accordingly, for the reasons set forth in this Memorandum Opinion and Order, Defendant's Motion for Early Termination of Probation (**Doc. 94**) is **DENIED**.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE