# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                      No. 14-CR-1361-WJ

JOHN NG,

    Defendant.

## MEMORANDUM OPINION AND ORDER DENYING PETITION FOR EARLY TERMINATION OF PROBATION

THIS MATTER comes before the Court upon the United States Probation Office's Petition for Early Termination of Supervision (**Doc. 139**), filed on October 2, 2018. Having considered the reports from the United States Probation Office (Docs. 139, 142), the United States' response (Doc. 141),[1] and the applicable law, the Court finds that the Petition is not well-taken and, therefore, is **DENIED.**

## BACKGROUND

On March 7, 2014, the United States charged Defendant with two criminal violations of 18 U.S.C. § 245(b)(2)(C). *See* Doc 1. The charges were based on anti-Semitic threats that Defendant admitted to posting on the door of Nosh Jewish Delicatessen & Bakery. On August 6, 2015, Defendant pleaded guilty to count 2 of the indictment and was sentenced to a term of four years' probation. The Judgment recites: "Should the Defendant be doing well, following his treatment recommendation and not relapsing, the Court suggests the Probation office consider early release from his term of probation." Doc. 88 at 2. At sentencing, the Court stated:

---

[1]     The Court notes that Defendant did not submit any pleadings or argument on this matter.

> I'm going to impose a term of probation of four years, but I'm going to suggest to Probation that if Mr. Ng is doing well and he is following his treatment recommendation and he's not relapsing, that that term may be considered for early release. But I think it would be to his benefit, and again, establishing some quality of life for him, if he can get his mental health issues under control such that he can lead a normal and functioning life. And that may mean taking medication, it may mean continued treatment.

Doc. 89 at 34–35. The Court also ordered Defendant to successfully complete an outpatient mental health treatment program and to take any psychotropic medication prescribed to him by medical personnel. *Id*. at 36.

In November 2016, this Court denied a motion by Defendant to terminate his probation early, noting that Defendant had only fulfilled one year of his probationary term and stating that "[t]he Court continues to view the four year term of probation as sufficient but not greater than necessary to comply with the purposes of sentencing, and at this time, finds that Defendant must continue to serve that term." Doc. 115 at 5. In August 2017, Defendant was arrested on a petition filed by his Probation Officer seeking to revoke Defendant's probation for acts of non-compliance. *See* Docs. 118, 137, 138. At the revocation hearing, Defendant admitted that he failed to report and that he failed to notify the probation officer prior to a change in residence. Doc. 136. The Court placed Defendant back on probation and extended his term of probation by six months, so that the term is scheduled to expire in February 2020. Doc. 138.

The United States Probation Officer filed the instant Petition for Early Termination of Defendant's Supervision on October 2, 2018, on the grounds that Defendant has been cooperative and compliant since the revocation in the fall of 2017. Doc. 139. The United States filed its Sealed Response to Probation's Petition, in which the Government argues that Defendant has only been on probation for slightly more than three years and that he was "demonstrably non-compliant for parts of at least two of those years." Doc. 141 at 2, filed 10/19/18. The Government refers back to

2

this Court's Memorandum Opinion and Order that denied Defendant's request for early termination of supervision in November 2016, in which the Court noted that "[e]arly termination rarely occurs[.]" Doc. 141 (citing Doc. 115 at 4–5).

On November 6, 2018, the United States Probation Officer submitted a report advising that, based on recent conduct by Defendant, the Probation Officer now requests that the Court deny the instant Petition for Early Termination. Doc. 142. Specifically, the report from Probation provides that Defendant's property manager and the Santa Fe Police Department contacted the Probation Officer regarding an email by Defendant that was "vulgar and inappropriate." *Id.* Defendant reported to Probation and admitted to sending the email to the property manager regarding an apparent disagreement about rent payments. *Id.* Defendant has vacated the apartment and is now residing with his sister. *Id.* He agreed to undergo a psychological assessment, the results of which are pending. *Id.* Probation advises that it "does not feel that an early termination is appropriate at this time and requests that the Early Termination Request submitted by the probation office be denied." *Id.*

## DISCUSSION

Early termination of probation is governed by 18 U.S.C. § 3564(c), which states: "The court, after considering the factors set forth in section 3553(a) to the extent they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor . . . , if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." The 18 U.S.C. § 3553(a) factors most relevant to the early termination of probation are:

(1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed--

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

The Court agrees with the United States that the Petition should be denied. Only a year ago did the Court impose an additional six months onto Defendant's probationary term for failure to comply with his conditions of supervision because the Court found that an additional six months was necessary to fulfilling the goals of § 3553(a). As the Government points out, terminating Defendant's supervision at this time would undermine the additional six months this Court imposed onto the probationary term last year. The fact that Defendant was substantially compliant for the most recent year of his probationary sentence does not change the Court's opinion that a full probationary term of four-and-a-half years is sufficient but not greater than necessary to achieve the goals of sentencing in § 3553(a). Furthermore, early termination rarely occurs, and in this instance, the Probation Office has actually changed its position and asked the Court to deny the Petition because of Defendant's recent conduct. Thus, while the Court agrees with the Government that the Defendant's previously limited term of compliance does not support the reward of early termination, Defendant's most recent conduct raises additional concerns about rehabilitation, safety, and adequately deterring future criminal conduct. When the Court denied Defendant's similar motion in 2016, the Court noted that "the Defendant continues to experience significant mental health problems and is in need of continuing probation including his mandatory

mental health treatment." Doc. 115 at 5. Regarding his most recent conduct, Probation's report noted that Defendant agreed to undergo a psychological assessment, the results of which are still pending. The Court finds that, particularly in consideration of Defendant's most recent conduct, ongoing supervision is necessary at this time.

The Court continues to view the four-and-a-half-year term of probation as sufficient but not greater than necessary to comply with the purposes of sentencing stated in § 3553(a), and at this time, finds that Defendant must continue to serve that term. In denying the Petition, the Court has considered all of the applicable factors set forth in 18 U.S.C. § 3553(a), but focuses extensively on the nature and circumstances of the offense, the need to afford adequate deterrence to criminal conduct and the need to provide Defendant with medical care and correctional treatment in the most effective manner, all of which point this Court to continuing probation as ordered.

Accordingly, for the reasons set forth in this Memorandum Opinion and Order, the Request for Early Termination of Supervision (**Doc. 139**, filed 10/2/18) is **DENIED**.

**IT IS SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE